WELLINGTON STUBBS

    -vs-

MICHAEL NUTTER, EVERETT GILLISON,
CITY OF PHILADELPHIA, BILL JOHNSON,
TIM REDDICK, AND CARY KING: Jury Trial Demand

: CIVIL ACTION
:
: NO.
:
: JURY TRIAL DEMAND
:

## COMPLAINT

I.    INTRODUCTION

1.    Plaintiff brings this civil action seeking all relief provided under the law including but not limited to compensatory, consequential, nominal, and punitive damages, reasonable attorney fees, litigation costs, and equitable relief including injunctive and declaratory relief; such as, but not limited to, reinstatement and the declaration of an unconstitutional, void an invalid, policy and conduct.

2.    Relief is sought by the Plaintiff, as provided under The Civil Rights Act of 1964 (42 U.S.C. §1983 et seq.), and The United States Constitution and laws of the United States, providing for relief to a person, such as the Plaintiff, who was deprivation of federally protected rights, such as a First Amendment free speech and petition clause right, and to a Fourteenth Amendment equal protection and due process right, by another who was acting under color of state law, such as, in this matter, the Defendants, who are all municipal governmental officials or workers.

3.    At the times of the Defendants acts, actions, and/or omissions, as is more fully described below, the law was clearly established under the United States Constitution, Law or

1

regulation(s) and the Defendants knew or should have that what they were doing individually or in concert with one another would caused or was likely to result in the deprivation of Plaintiff's federally protected civil rights.

4. As is more fully set forth below, Defendants for all times related to the claims acted intentionally, recklessly, maliciously, with gross negligence, in reckless disregard of and/or in deliberate indifference to the Plaintiffs' rights.

5. The Defendants at all times related to the claims knew or were on notice that their conduct would result or likely result in a deprivation of the rights, and that their conduct would subject them to liability under 42 U.S.C. § 1983 et seq.

6. The conduct, acts, actions or omission to act of the Defendants, as are more fully described below, were done by policy making persons, such as Defendants Nutter, the Mayor of and for the City of Philadelphia, and/or under a existing policy, practice, or custom of the City of Philadelphia , which policy is to retaliate against City employees for constitutionally protected activities, and/or to deprive employees of federally protected civil right, by failing to properly supervise and/or train, and/or acquiesce to retaliation against employees by others employed by the City, through the work & disciplinary rules, such as the residency requirement, which rule is not applied the same for all employees similarly situated as the Plaintiff.

7. The Defendants while acting under color of state law and a policy practice or custom, as above described and more fully below, intentionally recklessly, maliciously, and/or in reckless disregard of or deliberate indifference for the Plaintiff's rights, deprived the Plaintiff of federally secured rights, such as to free speech, petition clause, due process, and equal protection rights.

2

## II. JURISDICTION / VENUE

8. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 42 U.S.C. § 1983 et seq., The Civil Rights Act of 1964, its amendments and under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (3) and (4) (Civil Rights). Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred in Philadelphia County which is located in the venue established for the District Court for the Eastern District of Pennsylvania. Plaintiff's invoke supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent claims.

## III. PARTIES

9. Wellington Stubbs (herein after Plaintiff) is a resident of and has domicile in the County of Philadelphia, Pennsylvania; he is a person intended by The Civil Rights Act of 1964 (42 U.S.C § 1983 et seq.).

10. City of Philadelphia (herein after Defendant) is a municipal entity that exists and acts only pursuant to state law; it is a person as intended by The Civil Rights Act of 1964 (42 U.S.C. § 1893). Punitive damages are not sought against the City.

11. <u>Michael Nutter, the Mayor, and Everett Gillison, the Deputy Mayor, are</u> sued in their individual capacities; they are residents of and domiciled in the County of Philadelphia, Pennsylvania; and, they are a "person" as intended by The Civil Rights Act of 1964 (42 U.S.C. §1983 et seq.). They are supervisors with policy making authority, and with control and authority over the terms and conditions of Plaintiff's employment with the City of Philadelphia, and too other City employees, such as but not limited to: Bill Johnson, Tim Reddick, and Cary King.

12.     Bill Johnson, Tim Reddick, and Cary King are sued in their individual capacitoes; they are residents of and domiciled in the County of Philadelphia, Pennsylvania; they are a "person" as intended by The Civil Rights Act of 1964 (42 U.S.C. §1983 et seq.), and they are supervisors with policy making authority, and with control and authority over the terms and conditions of Plaintiff's employment with the City of Philadelphia, and too other City employees.

IV.     FACTS

13.     On or about March 12, 2002 Plaintiff was hired under the Managing Directors Office, Police Advisory Commission.

14.     In June 2004 Plaintiff was promoted Chief Inspector of the Police Advisory Commission; he worked under the Managing Director's Office.

15.     In May 2007 Plaintiff was investigated by the Inspector General's Office in reference to his residency. The residency requirement states that for all city employees, both civil service and non civil service employees, they must establish and maintain a bona fide residence in the City of Philadelphia. (Bill No. 060432 amending section 20-101 of the Philadelphia Code).

16.     In the summer of 2007 A hearing was held and Plaintiff was officially cleared as to his residency requirement.

17.     On or about December 8, 2008 Mr. Ventura Perez, a.k.a Benny Martinez, saw Plaintiff, (herein after Mr. Ventura Martinez) at the Philadelphia Police Advisory Commission and reported that there were illegal activities being conducted by the Philadelphia Police Narcotic Strike Force, and that his life was endangered due to his involvement. A complaint was filed with Plaintiff of the alleged events by Mr. Martinez. Following the complaint, and end

4

of the report, plaintiff as a citizen aided Mr. Martinez to meet with Wendy Ruderman, at the Philadelphia Daily News, and speak out about the police corruption.

18.    On or about February 9, 2010, Wendy Ruderman published in the Daily News the first of several articles that chronicled the allegations by Mr. Martinez, about police corruption. Mr. Martinez's Daley News articles were called "Tainted Justice" and became the genesis for a Pulitzer prize for reporter Ruderman.

19.    Throughout the months of February March, April, May, June, July and August, the "Tainted Justice" series continued to be published by Wendy Ruderman in the Daily News about Mr. Martinez's accounts. These articles resulted in an investigation by the Philadelphia District Attorney's Office, overturning of conviction, and other official governmental actions.

20.    On or about February 13, 2010 Deputy Mayor Everett Gillison directed that Plaintiff and the Director of Police Advisory Commission, Bill Johnson, meet with him.

21.    On or about February 19, 2010 Deputy Mayor Gillison again told Plaintiff and Director Bill Johnson to met with him. At this meeting, Plaintiff was questioned by Deputy Mayor Gillson regarding why Mr. Martinez was sent to Wendy Ruderman, to which Plaintiff responded because Mr. Martinez's life was in danger. Gillison said to the Plaintiff, words to the effect, that, the Mayor is very upset with you about this and it is going to costs the City a lot of money.

22.    After such statement by Gillison, in May 2009, Plaintiff was informed by Mr. Tim Reddick and Carey King from the Philadelphia Controller's Office that he was being investigated for residency violation; thereafter the investigation ensued. The investigation concerned a residency issue for Plaintiff, which issue was already investigated by the

5

Controller's Office a year before, and which investigation had ended, and ended favorably for Plaintiff.

23.    On or about July 17, 2009 Mr. Reddick requested another meeting with the Plaintiff, which took place.

24.    On or about July 27, 2009 Mr. King requested a meeting with the Plaintiff. Plaintiff informed Mr. King that he was meeting with an attorney and requested that the meeting be postponed until after Plaintiff had chance to consult with counsel. Plaintiff's request was acknowledged.

25.    On or about August 26, 2009, Mr. Reddick and Mr. King held a meeting with Director Bill Johnson alleging that Plaintiff had additional income on which he had failed to report and had failed to pay a City Wage Tax on, that Plaintiff failed to file required financial disclosures for 2008, that Plaintiff had excessive undocumented sick leave time, and that Plaintiff was violation of the city employee residency requirement.

26.    On or about August 4, 2009 Mr. King telephoned Director Bill Johnson and requested that Plaintiff contact him immediately.

27.    On or about September 16, 2009, Plaintiff and Director Bill Johnson had a meeting with Deputy Mayor Gillison to discuss the City Controller's Office Report regarding Plaintiff residency requirement.

28.    In October 2009 Deputy Mayor Gillison forwarded an email to Director Bill Johnson indicating his intent to terminate Plaintiff's employment.

29.    On or about November 13, 2009 Plaintiff was forced to resign from the Police Advisory Commission, under threat of not receiving his pension.

V. CAUSES OF ACTION

COUNT I
42 U.S.C. § 1983 et seq.
First Amendment Retaliation – Fourteenth Amendment

30. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

31. Plaintiff is a member of a protected class; in that he engaged in United States Constitutional First Amendment activity as follows: (a) As an citizen and not an employee of the City of Philadelphia, he aided and associated with Mr. Martinez to disclosure though the press corruption in the Philadelphia City Police Department; (b) As a private citizen, Plaintiff aided Mr. Martinez to speak with the press, and to reporter Wendy Ruderman with the Daily News, and each act is not a requirement of his employment.

32. The aforementioned Plaintiff activity stated in Paragraph 30 is and was at the time recognized and clearly established to be First Amendment free speech activity, which activity is and was known by Defendants to be protected activity under the United States Constitution.

33. Plaintiff, prior to the adverse employment actions taken against him, viz the meetings, residency investigation, and termination, had indirectly spoken out on a matter of public concern as a citizen, via advising Mr. Martinez to speak with a reporter about alleged police misconduct, and the public concern matter was that a governmental or public employer, the City of Philadelphia Police Narcotics Strike Force, had engaged in illegal activities.

34. Plaintiff's advice and reporting of Mr. Martinez's alleged acts was subjected to adverse action in his employment by Deputy Mayor Gillison and the City of Philadelphia, which

7

action directly caused Plaintiff to suffer economic harm and personal injury, such as: (a) lost wages and benefits attendant to the employment with the City of Philadelphia, (b) extreme emotional distress, embarrassment, humiliation, shaking, twitching eyes, restlessness, lost appetite, and others physical manifestations.

35. Defendants, before taking the action against the Plaintiff, as described above, were at all times aware of Plaintiff's First Amendment activities and that liability existed under federal law for retaliating against a person for engaging in protected First Amendment activities.

36. The substantial and/or motivating reason for the Defendants acts, action or omissions was the Plaintiff's First Amendment activity.

37. The termination and other acts by Mayor Nutter, the City, Deputy Mayor Gillison, and the City of Philadelphia, were done in retaliation of Plaintiff opposition to illegal conduct by the City of Philadelphia Police Narcotics Strike Force, and for engaging in free speech activity.

38. Defendants acted for themselves and in concert with each other and others, and they acted while knowing or should have known that their acts together or alone would or were likely to deprive Plaintiff of federally protected rights, such as but not limited to First and Fourteenth Amendment rights in liberty in his person and employment, free speech, due process to acquire and not be deprived of property without valid due process of law, and equal protection of law. In that, others were not fired for a violation of the residence requirement, such as Police Commissioner Sylvester Johnson who lived in the State of Delaware while the Philadelphia City Police Commissioner.

39. Defendants acts, action or omissions, sustained both economic damages, such as lost wages, lost benefits attendant to the employment, and attorney fees, and sustained personal injury, such as embarrassment, humiliation and emotional distress.

40. The proximate, direct, or legal cause of Plaintiff's injury and damages was and is the Defendants' acts, action or omissions and the conduct done under color of state law, which conduct, acts, action and omissions deprived the Plaintiff of federally secured rights, privileges and immunities, such as the First and Fourteenth Amendments.

## COUNT II
### 42 USC 1983 – Monell Claim

41. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

42. The City of Philadelphia has a policy to: fail to supervise and/or train its employees and supervisors. The City directly or indirectly under the policy condones, acquiesces and ratifies retaliation to a person's First Amendment activities. The City directly or indirectly under the policy condones, acquiesces and ratifies retaliation against person's and employees such as the Plaintiff who oppose illegal employment practices by other City Police Officers.

43. The City of Philadelphia under its policy treats unfairly persons similarly situated as Plaintiff. Plaintiff was treated differently than other employees by: Deputy Mayor, Everett Gillison; Special Investigator for the City Controller, Carey King; Director of Fraud and Special Investigator for the City Controller, Tim Reddick; and Executive Director of Police Advisory Commission, William Johnson; after Plaintiff exercised his First Amendments speech and petition rights and directed a complainant to report alleged misconduct to a news reporter.

44. The City of Philadelphia intentionally invoked its policy against the Plaintiff, thus the City's action was deliberate or was done with reckless indifference for the Plaintiff's First Amendment Rights and Civil Rights under 42 U.S.C. § 1983.

9

45. Plaintiff sustained injuries as a direct result or legal result of the City's policy, practice or custom.

46. Plaintiff believes and therefore avers that the City of Philadelphia has a policy practice and custom misuses its disciplinary system to chill federal rights, such rights as, but not limited to, the right to free speech and petition clause activity. Further, under the policy s to deny fundamental rights, such as to property, and deny rights without providing adequate due process, and/or through unequal treatment.

47. Defendants conduct, as described above, is unlawful, and a practice which the Defendants were or should have been aware when they engaged in the conduct, that such conduct violates clearly established rights which would subject them to liability under 42 U.S.C. § 1983.

48. Defendants' acts, action or omissions and the City's policy, practice and custom caused Plaintiff to be deprived of federally secured rights, privileges and immunities; to suffer economic damages, such as loss of property, employment, good name, wages and benefits attendant to employment, and to sustain personal injuries.

49. Defendants' conduct was extreme and outrageous and conduct that was malicious, ill willed, from evil hearts, and such that society is unwilling to accept for public officials and persons.

## COUNT III
### State Claims
### Wrongful Termination

50. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

51. The City of Philadelphia receives directly or indirectly funds from the United States government.

52. The City of Philadelphia is a public employer and/or employer obligated to not discriminate or retaliate against employees who report or aid in the reporting of malfeasance, misfeasance, and wasteful and/or dangerous acts.

53. Plaintiff reported or aided in the reporting of wrongdoing, misfeasance, malfeasance and acts by employees of the City of Philadelphia Police Department, which included employees of the Philadelphia Police Department, whose acts posed an extreme danger to the public and public welfare.

54. Plaintiff's act of reporting or causing to be reported and/or aiding in the reporting of police corruption or wrongdoing by the City and/or its employees, was protected activity under establish Commonwealth of Pennsylvania public policy.

55. Plaintiff was discharged from his employment for making good faith reports of wrongdoing and waste.

56. As a result of the wrongful termination, done in retaliation for reporting wrongdoing, the Plaintiff sustained economic loss damages; to wit, wages, medical and pension benefits in excess of $100,000.00, and personal injury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment for her and against the Defendants; to hold the Defendants joint and several liable; to award the Plaintiff such relief as to make Plaintiff whole, including such relief as, but not limited to, compensatory, consequential and punitive damages, front and back pay, negative tax consequence relief, reasonable attorney fees, litigation costs, and any and all other such relief, including equitable relief, allowed by law or that the Court deems proper and just. Including reinstatement, including reinstatement and declaring the Defendants acts, actions or omissions and conduct to

have violated the Plaintiff's constitutional rights, the policy practice or custom unconstitutional, overly broad or sweeping, unconstitutional and illegal, and to enjoin the City and all employees of the City from using the policy practice or custom and/or aiding or abetting the policy practice and custom declared unconstitutional.

Date: July 1, 2010

Respectfully submitted,

BY: _____/s/
Brian M. Puricelli, Esquire
Plaintiff's Attorney

_____/s/
Alexis Zefferes
Plaintiff's Attorney

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wellington Stubbs

**(b)** County of Residence of First Listed Plaintiff: Phila
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian Puricelli, Alexis Zefferes, Law Offices of Brian Puricelli 691 Washington Crossing Rd Newtown PA 18940 (215) 504 8115

## DEFENDANTS
Michael Nutter, Everett Gillison City of Philadelphia, Bill Johnson, Tim Reddick & Cary King

County of Residence of First Listed Defendant: Phila
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 & 28 USC 1331 & 28 USC 1343 (3)&(4)

Brief description of cause:
Deprivation of federal rights under color of state law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 07/01/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Phila PA_

Address of Defendant: _Phila PA_

Place of Accident, Incident or Transaction: _Phila PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, _Brian Puricelli_, counsel of record do hereby certify

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _07-1-2010_    _[signature]_    _61933_
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _07-1-2010_    _[signature]_    _61933_
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Wellington Stubbs  :  CIVIL ACTION
v.  :
Michael Nutter et al  :
  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

07-01-2010            Brian Puricelli            Brian Puricelli
**Date**            **Attorney-at-law**            **Attorney for** Plaintiff

215 504 8115            215 504 8116            Puricelli@verizon.net
**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| WELLINGTON STUBBS | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| MICHAEL NUTTER ET. AL. | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

 A lawsuit has been filed against you.

 Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

> *Michael E. Kunz*
> *Clerk of Court*

Date:

> *Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc: